NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY WAYNE ROAM, | ) | C 03-1168 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | PETITIONER'S MOTION TO |
| vs. | ) | STAY PETITION; |
| | ) | INSTRUCTIONS TO CLERK |
| | ) | |
| DAVID L. RUNNELS, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | | (Docket Nos. 33) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 15, 2004, the Court ordered Respondent to show cause why the petition should not be granted. On March 25, 2005, Respondent filed an answer on the merits. Petitioner then filed a letter with the Court requesting leave to file a supplemental brief and include four new claims in his pending habeas action. On June 7, 2005, the Court denied the request without prejudice and directed Petitioner to file a motion to stay the instant petition while he exhausts his additional claims in state court, or notify the Court within thirty days that he does not wish to pursue the motion to stay. Petitioner subsequently filed a motion to stay the instant petition while he exhausts his additional claims.

Respondent opposes the motion. Petitioner filed a state habeas petition on May 24, 2005, which is now pending in the California Supreme Court. The Court will GRANT Petitioner's motion to stay the instant petition while he exhausts his additional claims.

## DISCUSSION

Petitioner claims that he asked his appellate attorney to raise the issues now pending before the state court, but that his attorney told him that the issues did not matter. Respondent contends that even if Petitioner exhausts the new claims, they are untimely. Respondent relies upon Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005), where the Supreme Court held that amendments made after AEDPA's one-year statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'" Id. (quoting Fed. R. Civ. P. 15(c)(2)). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 2566 (finding that new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim). Only if the original and amended petition state claims that are tied to a common core of operative facts will relation back be in order. Id. at 2574-75.

District courts have the authority to issue stays, and AEDPA does not deprive them of that authority. Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005). However, the district court's discretion to grant a stay is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioner's to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is appropriate only where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id.

\\\

1  Here, the Court finds that Petitioner has shown good cause for his failure to
2  exhaust the new claims. Two of the claims allege ineffective assistance of appellate
3  counsel, claims which could be raised only by way of a state habeas corpus petition.
4  Liberally construed, petitioner's claims set forth cognizable bases for federal habeas
5  relief. While Respondent maintains that the claims are untimely, this argument does not
6  address the substantive merits of the claims. Additionally, the Court finds that Petitioner
7  has not requested a stay to intentionally delay the instant habeas action. As noted,
8  Petitioner already has a state habeas petition asserting the claims. Accordingly, the
9  Court will stay the instant petition and allow Petitioner to exhaust his additional claims
10 in state court. Thereafter, if Petitioner requests leave to amend the instant petition to
11 include the newly exhausted claims, Respondent may address the timeliness of the
12 claims and the propriety of amending the instant petition.

## CONCLUSION

Accordingly, Petitioner's motion to stay the instant petition while he exhausts his additional claims (docket no. 33) is GRANTED as set forth below. This action is hereby STAYED until thirty days after the California Supreme Court's final decision on Petitioner's remaining claims.

Once the California Supreme Court has issued a decision on Petitioner's claims, Petitioner shall promptly notify the Court and serve notice on Respondent. Within thirty days of such decision, if Petitioner has not obtained relief in state court, Petitioner must notify the Court that he wishes to reopen this action and file a motion for leave to amend his petition to add the newly exhausted claims.

The Clerk shall administratively close the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that exhaustion has been completed the case will be administratively re-opened.

IT IS SO ORDERED.

DATED: 3/28/06

JEREMY FOGEL
United States District Judge

A copy of this ruling was mailed to the following:

Jeffrey Wayne Roam
C-80656   A-2-247
High Desert State Prison
P.O. Box 3030
Susanville, CA  96127-3030

Violet M. Lee
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 110000
San Francisco, CA  94102-7004