**Original filed 8/2/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY WAYNE ROAM, ) | | C 03-1168 JF (PR) |
| ) | | |
| Petitioner, ) | | ORDER RE-OPENING CASE; DENYING PETITIONER'S |
| ) | | |
| vs. ) | | MOTION FOR RECONSIDERATION |
| ) | | |
| ) | | WITHOUT PREJUDICE; |
| DAVID L. RUNNELS, Warden, ) | | ORDER TO SHOW CAUSE |
| ) | | |
| ) | | |
| Respondent. ) | | |
| _____ | | (Docket No. 35) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 15, 2004, the Court ordered Respondent to show cause why the petition should not be granted. On March 25, 2005, Respondent filed an answer on the merits. Petitioner then filed a letter with the Court requesting leave to file a supplemental brief and include four new claims in his pending habeas action. On June 7, 2005, the Court denied the request without prejudice and directed Petitioner to file a motion to stay the instant petition while he exhausted his additional claims in state court, or to notify the Court within thirty days that he did not want to pursue the motion to stay. Petitioner subsequently filed a motion to stay the instant petition and Respondent filed an opposition.

During this period, Petitioner filed a state habeas petition on May 24, 2005 in the California Supreme Court.  On March 28, 2006 the Court granted Petitioner's motion to stay the petition and administratively closed this action in order for Petitioner to exhaust his remaining claims in state court.

On June 12, 2006, Petitioner filed a motion for leave to amend the petition, an amended petition and a motion for reconsideration requesting that the Court's appoint counsel for Petitioner.  Petitioner submitted a copy of the California Supreme Court's summary denial of his state habeas petition, filed on May 17, 2006.  Accordingly, the Court will RE-OPEN the instant action and order Respondent to show cause why the amended petition should not be granted.  Respondent also may file a response to Petitioner's motion for leave to amend and address the propriety of the amendment to the petition.  The Court will DENY Petitioner's motion for reconsideration (docket no. 35) without prejudice.

**BACKGROUND**

A Santa Clara Superior Court jury convicted Petitioner of evading the police (Cal. Veh. Code § 2800.2).  On July 7, 2000, Petitioner received a sentence of twenty-seven years-to-life in state prison.  Petitioner appealed his conviction.  The state appellate court affirmed the judgment in 2002.  The state supreme court denied a petition for review in 2002.  Petitioner filed a federal habeas petition on March 18, 2003.  On March 28, 2006, the Court stayed the petition and granted petitioner's motion to stay this action while he exhausted his claims in state court.  Petitioner filed a state habeas petition in the state supreme court, which was denied summarily on May 17, 2006.  Thereafter, on June 12, 2006, petitioner filed an amended petition in this Court.

**DISCUSSION**

A.   The Merits

    **1.   Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**2.    Petitioner's Claims**

Petitioner alleges the following claims for federal habeas relief: (1) Petitioner's Faretta[1] motion was denied; (2) his plea agreement contract made in his prior convictions was broken by the use of these prior convictions to enhance his sentence under California's "three strikes" law; (3) ineffective assistance of appellate counsel by not raising issue on appeal that the use of traffic tickets petitioner never received, nor was found guilty of, to find him guilty of commitment offense violated due process; (4) ineffective assistance of trial counsel and violation of petitioner's right to conflict-free counsel in counsel's false remarks during opening statements and counsel's failure to: request a jury instruction, seek a redaction of the government's exhibit that revealed Petitioner suffered three prior convictions for driving under the influence, object to inadmissible evidence of Petitioner's involvement in a fight with security personnel at the time of his arrest, request a limiting instruction regarding his prior traffic violations, obtain a jury instruction regarding Petitioner's shouting out comments during the trial, and object that Petitioner's sentence of twenty-seven years-to-life constituted cruel and unusual punishment; (5) the failure to instruct on the element of the offense, that the three traffic violations had to involve the unsafe operation of a vehicle, violated Petitioner's right to due process under the Fifth and Fourteenth Amendments; (6) the trial court's failure to allow the jury to adjudicate whether Petitioner's prior convictions qualified as serious felony convictions violated his rights under Apprendi v. New Jersey, 530 U.S. 466 (2001); (7) the trial judge was bias against Petitioner in violation of his

---

[1] Faretta v. California, 422 U.S. 806, 832 (1975).

1  right to due process under the Fifth and Fourteenth Amendments; (8) the jury
2  erroneously heard evidence that Petitioner committed traffic violations which were
3  unrelated to the current charges in violation of his right to due process under the Fifth
4  and Fourteenth Amendments; and (9) ineffective assistance of trial counsel by counsel's
5  failure to request an instruction regarding Petitioner's wearing jail clothing.  Liberally
6  construed, Petitioner's claims are sufficient to require a response.  Respondent shall
7  show cause why the amended petition should not be granted.

B.    Motion for Reconsideration

Petitioner filed a motion for reconsideration of the Court's previous order denying appointment of counsel.  In his motion, Petitioner requests that the Court appoint counsel due to the complexity of the instant case.  See Pet.'s Mot at 1.

As set forth in the Court's previous order, the Sixth Amendment's right to counsel does not apply in habeas corpus actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

The Court concludes that the interests of justice do not require appointment of counsel at this time.  The issues before the Court remain relatively straightforward, Petitioner has aptly presented his claims, and no evidentiary hearing appears necessary.  Accordingly, Petitioner's motion for reconsideration to appoint counsel (docket no. 35) is DENIED without prejudice.

\\\

\\\

\\\

**CONCLUSION**

1.  Petitioner's motion for reconsideration (docket no. 35) is DENIED without prejudice.

2.  The Clerk shall serve by mail a copy of this order and the amended petition, filed on June 12, 2006, and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

3.  Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving a copy on Respondent within **thirty days** of his receipt of the answer.

4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. Respondent also may respond to Petitioner's motion for leave to amend the petition and address the propriety of the amendment of Petitioner's additional claims. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

5.  It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion.

1  Failure to do so may result in the dismissal of this action for failure to prosecute
2  pursuant to Federal Rule of Civil Procedure 41(b).
3       IT IS SO ORDERED.
4  DATED: ___8/2/06_____          /S/electronic signature authorized___
                                       JEREMY FOGEL
5                                      United States District Judge

1   A copy of this ruling was mailed to the following:

Jeffrey Wayne Roam
C-80656
High Desert State Prison
P.O. Box 3030
Susanville, CA  96127-3030

Violet M. Lee
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 110000
San Francisco, CA  94102-7004

Order Re-opening Case; Denying Petitioner's Motion for Reconsideration Without Prejudice; Order to Show Cause
P:\pro-se\sj.jf\hc.03\Roam168reopen                7