NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WAYNE ROAM,<br><br>  Petitioner,<br><br> vs.<br><br>DAVID L. RUNNELS, Warden,<br><br>  Respondent. | No. C 03-01168 JF (PR)<br><br>ORDER DENYING MOTION TO AMEND PETITION |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court found the petition, liberally construed, stated cognizable claims and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer. Petitioner filed a motion for stay to exhaust unexhausted claims in state court which the Court granted. The action was reopened after Petitioner returned to this Court on June 12, 2006, with a motion to file an amended petition to include newly exhausted claims. Respondent filed opposition to the motion.

Amendments made to a habeas petition after AEDPA's one year-limitations period has run relate back to the date of the original petition when the claim asserted in the amended petition "arose out of the conduct, transaction, or occurrence set forth or

attempted to be set forth in the original pleading." Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting Fed. R. Civ. P. 15(c)(2)). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. Only if the original and amended petition state claims that are tied to a common core of operative facts will relation back be in order. Id. at 664.

Petitioner's claims in his original petition were numerous and included challenges to the state vehicle codes under which he was convicted, unconstitutional jury instructions, denial of his right to a jury under Apprendi v. New Jersey, 503 U.S. 466 (2001), ineffective assistance by trial counsel on numerous grounds, and judicial bias by the trial judge. Petitioner now seeks to add four additional claims: 1) denial of his right to self-representation under Faretta v. California, 422 U.S. 806 (1975); 2) violation of a plea agreement made for his prior convictions; 3) ineffective assistance by appellate counsel; and 4) ineffective assistance by trial counsel. Thus, the Court must determine whether Petitioner's newly exhausted claims and the claims raised in the original petition "are tied to a common core of operative facts," such that the newly exhausted claims will relate back to the original petition and be found timely.

Respondent contends that the first three newly exhausted claims "do not share a common core of operative facts with the claims raised in [Petitioner's] original petition, (Docket No. 37 at 5), and therefore do not relate back to the original petition. The Court agrees that the first three claims do not arise out of the same conduct, transaction, or occurrence set forth in the original pleading nor are they tied to a common core of operative facts as the claims in the original pleading. See Mayle, 545 U.S. at 656, 664. Therefore, newly exhausted claims 1, 2 and 3 do not relate back to the original petition and must be dismissed as untimely. The exhausted fourth claim is identical to claim five in the original petition alleging ineffective assistance by trial counsel due to his false and damaging remarks during opening statement, and it is therefore unnecessary to amend this

1 claim. (Pet. Attachment C.) Accordingly, Petitioner's motion to amend is DENIED.

2  The Court will address the merits of the claims in the original petition in a separate

3 order.

4  IT IS SO ORDERED.

5 DATED: 5/26/09

6  JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY WAYNE ROAM,

        Petitioner,

  v.

D. L. RUNNELS, Warden,

        Respondent.
                                                 /

Case Number: CV03-01168 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   6/1/09   , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey Wayne Roam C-80656
C.T.F. Central
D Wing 235
P.O. Box 689
Soledad, CA 93960

Dated:   6/1/09

                                      Richard W. Wieking, Clerk